UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TEK FOR YOUR LIFE, LLC,

       Plaintiff,

vs.

SHINE ON, LLC, *et al.*,

       Defendants.

Case No. 3:23-cv-228

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR DAMAGES ON THE DEFAULT JUDGMENT (Doc. No. 23); (2) AWARDING PLAINTIFF DEFAULT JUDGMENT AGAINST DEFENDANTS IN THE AMOUNT OF $259,475.31 OWED JOINTLY AND SEVERALLY; (3) AWARDING POST-JUDGMENT INTEREST FROM THE DATE OF THIS ORDER AT THE APPLICABLE FEDERAL STATUTORY RATE DISCUSSED IN THIS OPINION; AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

On July 21, 2025, the Court granted a default judgment in Plaintiff TEK For Your Life's favor and against Defendants Shine On, LLC and its assignee and successor in interest, Breckenridge Consulting, LLC due to Defendants' failure to comply with two Court Orders to obtain counsel to represent them in this civil case.[1]  Doc. No. 22; *see Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney").  This case is before the Court on Plaintiff's motion for damages on the default judgment.  Doc. No. 23.  Defendants did not respond, and the time for doing so has passed.  S.D. Ohio Civ. R. 7.2(a)(2).  Thus, the motion is ripe for review.

---

[1] Before entering default judgment against Defendants (Doc. No. 22), the Court placed them on notice that if they did not obtain counsel to represent them in this case, default judgment may be entered against them. Doc. No. 14 at PageID 151-52.

## I.

"[W]hile liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)).  A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

## II.

Review of Plaintiff's complaint reveals the following.[2]  Plaintiff entered into seven contracts with Defendants Shine On, LLC and/or Breckenridge Consulting to perform work at seven job sites in six different states.  Doc. No. 1 at PageID 3.  Defendants promised to pay Plaintiff for services rendered.  *Id.*  Plaintiff reasonably relied upon this promise, provided services to Defendants, and submitted invoices as agreed to in the contracts.  *Id.* at PageID 3-4; Doc No. 23-1 at PageID 200-01.  According to Plaintiff, three of the seven contracts have outstanding balances owed by Defendants.  Doc. No. 23-1 at PageID 200.

To support its damages award request, Plaintiff submitted an affidavit from its Chief Executive Manager, Amanda K. Woolums, testifying that Defendants owe $259,475.31, including unpaid invoices for work provided; money due from a cancelled contract; and accumulated interest provided in the three outstanding contracts.  Doc. No. 23-1 at PageID 200-17.  Plaintiff has provided a copy of the three contracts each executed by Corey Breckenridge, Defendants' owner

---

[2] Plaintiff previously filed two motions to amend its complaint and filed the proposed amended complaints on the docket.  *See* Doc. Nos. 11; 12; 20; 21.  The Court denied both motions.  Doc. Nos. 18; 22.  The Court confirms the original complaint, filed on August 10, 2023, remains the operative pleading.  Doc. No. 1.

and sole member.  *Id.* at PageID 203-14.  Further, Plaintiff provided a copy of an itemized invoice owed by Defendants.  *Id.* at PageID 215-16.  By way of Woolums's affidavit, the attached exhibits, and the unambiguous language of the contracts, Plaintiff has sufficiently proven its requested damages in the amount of $259,475.31 "with reasonable certainty."  *DT Fashion LLC*, 2018 WL 542268, at *2.

**III.**

Plaintiff additionally requests an award of post-judgment interest, pursuant to  28  U.S.C. § 1961, calculated from the default judgment date, July 21, 2025, until the date of payment.  Doc. No. 23 at PageID 199.

Under 28 U.S.C. § 1961(a), post-judgment interest is required "to be paid on money awarded by district courts in civil actions."  *CAPSA Sols., LLC v. Concord Healthcare Grp., LLC*, No. 2:18-CV-594, 2019 WL 4894038, at *3 (S.D. Ohio Oct. 4, 2019) (citations omitted).  "The district court has no discretion to deny post-judgment interest, as it is mandatory."  *Id.* (citing *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002)).  "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).

The Sixth Circuit has interpreted "judgment" to mean "any judgment that is not entirely set aside."  *Skalka v. Fernald Env't Restoration Mgmt. Corp.*, 178 F.3d 414, 429 (6th Cir. 1999). The general rule for determining which "judgment" starts the accrual of postjudgment interest is that "postjudgment interest should begin to run once damages have been 'ascertained' in [a] meaningful way."  *Caffey*, 302 F.3d at 588 (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990)).

3

Accordingly, Plaintiff is entitled to post-judgment interest at the applicable statutory rate from the date of this Order—not the default judgment date—until the entire judgment is satisfied. *See Powell v. Divine Status, LLC*, No. 2:23-CV-501, 2025 WL 415495, at *2 (S.D. Ohio Jan. 7, 2025) (finding that post-judgment interest began to accrue from the date the court awarded damages and not the default judgment date).

## IV.

Plaintiff's motion for default judgment damages, therefore, is **GRANTED**.  The Court **AWARDS** Plaintiff judgment against Defendants in the amount of $259,475.31 owed jointly and severally.  The Court also **AWARDS** post-judgment interest from the date of this Order at the applicable federal statutory rate set forth above.  Finally, the Court **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

March 9, 2026                        s/*Michael J. Newman*
                                              Hon. Michael J. Newman
                                              United States District Judge